FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 31 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PARBATTIE SHAMILLE MARAJ,

          Plaintiff,

-against-

CITY OF NEW YORK,

          Defendant.
------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-4825 (SLT) (CLP)

**TOWNES, United States District Judge:**

    Plaintiff Parbattie Shamille Maraj, appearing *pro se*, filed this lawsuit on July 29, 2014. (ECF No. 6.) On February 9, 2015, Plaintiff filed a Second Amended Complaint alleging violations under 42 U.S.C. § 1983 against Defendant the City of New York. (ECF No. 13.) The Court subsequently granted Defendant's request to move to dismiss this case (ECF No. 26), and ordered briefing to be complete by October 26, 2015. (ECF No. 31.)

    In a letter dated October 12, 2015, Dr. Jeff Gillgan wrote to the Court that Plaintiff had been admitted to the intensive care unit of Mt. Sinai Hospital and was "critically ill." (ECF No. 32.) On October 28, 2015, the Court stayed all proceedings in light of Plaintiff's medical condition and ordered that Plaintiff contact the Court upon her release from the hospital. (ECF No. 34.)

    On February 5, 2015, Defendant filed a Suggestion of Death Upon the Record of Plaintiff Parbattie Shamille Pursuant to Federal Rule of Civil Procedure 25(a) ("Suggestion of Death"). (ECF No. 35.) Defendant represented that a Google search revealed that Plaintiff died on November 10, 2015. (*Id.*) Defendant further stated that pursuant to Rule 25(a), any motion seeking to substitute Plaintiff with a proper party should be made within 90 days of the

Suggestion of Death. (*Id.*) Defendant mailed a copy of the Suggestion of Death to Plaintiff. (*Id.*) On June 21, 2016, Defendant wrote to the Court seeking dismissal of the case. Defendant argued that under Rule 25(a)(1), since no one has sought to be substituted for Plaintiff within 90 days of the Suggestion of Death, nor has anyone sought an extension of time to be substituted, the case must be dismissed. (ECF No. 36.) Defendant also mailed a copy of this letter motion to Plaintiff. (*Id.*) The Court now grants Defendant's motion to dismiss this case.

## DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) provides that after a party's death is suggested on the record, "[a] motion for substitution may be made by any party or by the decedent's successor or representative.... within 90 days after service of a statement noting the death ...." Otherwise, "the action by or against the decedent *must be dismissed.*" FED. R. CIV. P. 25(a) (emphasis added); *see also Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998) (affirming dismissal of case under Rule 25(a)(1) on the grounds that no motion for substitution of the deceased party was made within 90 days of service of "statement of the fact of ...death"). It has been over a year since Defendant served and filed the Suggestion of Death. (ECF No. 35.) No one has sought to be substituted for Plaintiff, nor has anyone sought an extension of time to be substituted.

Accordingly, the Court is granting Defendant's motion to dismiss this case under Rule 25(a)(1). (ECF No. 36.) The Clerk of Court is directed to mail a copy of this Memorandum and Order, via First-Class and Certified Mail, to *pro se* Plaintiff and to close this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: March 30, 2017
Brooklyn, New York

3